IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3102 |
| vs. | MEMORANDUM AND ORDER |
| JOHN ALLEN BELOT, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 79) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that the defendant was not expressly informed at the change of plea hearing (filing 82) of his "right to plead not guilty, or having already so pleaded, to persist in that plea." *See* Fed. R. Crim. P. 11(b)(1)(B). But while the defendant was not expressly informed at his change of plea hearing about his "right to plead not guilty" in those express terms, the defendant's petition to enter guilty plea establishes that the defendant was informed of his "right to plead NOT GUILTY to every charge filed against" him. Filing 77 at 2. The defendant testified at the change of plea hearing that he had gone over the petition, with the assistance of counsel, and that each of his answers in the petition were truthful. Filing 82 at 7. The Court is convinced, from the record as a whole, that the defendant had a sufficient understanding of his right to plead not guilty and that his decision to plead guilty was wholly voluntary.

The Court also notes that at the change of plea hearing (filing 82), the Magistrate Judge did not expressly inform the defendant that he was waiving his "right to a jury trial." *See* Rule 11(b)(1)(C). But while the defendant was not expressly informed during his change of plea about his "right to a jury trial" in those express terms, the defendant was expressly informed of that right at his initial appearance, and indicated at that time that he understood. Filing 10. Furthermore, the defendant's petition to enter guilty plea establishes that the defendant was informed of "the right to a speedy and public trial by jury." Filing 77 at 2. The defendant testified at the change of plea hearing that he had read the petition and that each of his answers in the petition were truthful. Filing 82 at 7.

In addition, while the words "you have the right to a jury trial" were not spoken at the change of plea hearing, the Court and counsel referred to "the jury" throughout, and the defendant *was* told among other things that if he decided not to testify "the jury" would not be allowed to consider it, that there was no guarantee his sentence would be less because he pled guilty "instead of being found guilty by a jury," and that the factual basis for the plea would, if the case went to trial, "go before a jury." Filing 82 at 9, 23, 25. The Court is convinced, from the record as a whole, that the defendant had a sufficient understanding of his right to a jury trial.

Therefore, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See* Rule 11(h); *see also United States v. Gillen,* 449 F.3d 898, 903-04 (8th Cir. 2006); *United States v. McCarthy,* 97 F.3d 1562, 1574-76 (8th Cir. 1996); *United States v. Young,* 927 F.2d 1060, 1061-63 (8th Cir. 1991). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what he already knew. *Young,*

927 F.2d at 1063. The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. See *Peretz v. United States*, 501 U.S. 923, 936-39 (1991).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 79) are adopted.
2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.
3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea agreement will be deemed accepted upon the pronouncement of the judgment and sentence.
4. This case shall proceed to sentencing.

Dated this 18th day of January, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge